**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No. 22-cr-00301-CJN** |
| | ) | |
| DOVA WINEGEART., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT DOVA WINEGEART'S MOTION TO DISMISS COUNT ONE OF
THE INDICTMENT**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

NOW COMES, Defendant Dova Winegeart, by and through her undersigned counsel of record, William L. Shipley, and files this Motion to Dismiss Count One of the Indictment.

Count One of the Indictment charges the defendant with a felony violation of 18 U.S.C. Sec. 1361, destruction of government property doing damage in an amount in excess of $1,000.   The indictment identifies the property involved as the "House of Representatives Door Window."  The discovery provided by the Government identifies the property referenced in the indictment to be the "East Front House Chamber Door from the House Steps."

The Affidavit filed in support of the Criminal Complaint against the Defendant, dated July 14, 2022, states that the Defendant was captured by a CCTV camera swinging a long wooden pole at the window in question.[1]

On October 26, 2021, the Government obtained a criminal complaint against Gregory Lamar Nix.  On November 17, 2021, Defendant Nix was indicted in Case No. 21-cr-00678 BAH.

Count Three of the indictment charged Nix with a violation of 18 U.S.C. Sec. 1361, destruction of government property causing damage in an amount greater than $1000, with the property involved described as the "East Front House Chamber Door from the House Steps" – the same property described in Count One of the Indictment in this case.

A Criminal Complaint had been obtained against Defendant Nix on October 26, 2021.

---

[1] The Affidavit sets the time for this incident as "approximately 2:30 pm."   That seems to have been an error.  The timestamp on the CCTV video of the episode shows it to have happened at 3:09:41. The time of the incident is significant to this motion.

Paragraph 14 of the Affidavit filed in support of the Nix Complaint states that at approximately 2:21 pm, Nix is captured by a CCTV "attempting to breach the aforementioned doors by banging the end of a white flagpole repeatedly against the door or its glass panes."

Paragraph 18 of the Affidavit states:

> A few minutes later, at approximately 2:30 PM ET, after the officers depart, NIX is seen on surveillance footage again appearing to attempt to smash the East House Doors' glass panes.  NIX first attempts to do so using what appears to be a black baton. This footage was shown to Victim 1, who during an interview identified the object to be an "ASP" or baton.

The Government's claim that Ms. Winegeart committed a felony by doing damage in an amount greater than $1000 is based on the replacement cost of the windowpane as determined by the Architect of the Capitol.

The Government has taken the factual position in a prior prosecution that another defendant acted before and independent of Ms. Winegeart to damage the same property in an amount greater than $1000 based on the same replacement cost.  Thus, when Ms. Winegeart is alleged to have acted, she was acting against Government property that was already going to be replaced at a cost of more than $1000 to the Government.  Her conduct subsequent to Defendant Nix did not cause the Government to incur an expense greater than it was already going to incur.

The damage to the door glass requiring replacement at a cost of greater than $1000 is shown in the following images which have been previously made part of the record of this case by the Government:



Image #1.

The image above shows Ms. Winegeart first approaching the East House Doors at 3:08:03 as reflected by the timestamp in the upper left corner.  In this image, she is not holding any item.



Image #2.

The image above shows an unknown individual using his cellular telephone to either capture an image of the East House Doors at 3:08:30.



Image #3.

Taken at 3:09:03, the image above is the first moment that Ms. Winegeart is seen holding the wooden stick in her left hand – with the black glove and red jacket.  This is one minute after she first approached the doors as reflected in Image #1 above with nothing in her hands.



Image #4.

This image is taken approximately 30 seconds after Image #3 above and shows Ms. Winegeart standing in front of the doors still holding the wooden stick.  For most of this 30-second interval, she is in this same position.



Image No. 5.

Taken five seconds after Image #4, the image above reflects another unknown individual approaching the door with his cellphone camera and apparently capturing images of the East House Doors.



Image #6.

 Taken <u>two seconds</u> after Image #5, the image above shows Ms. Winegeart swinging the wooden pole for the first time, with the unknown individual standing to her left continuing to use his cellular phone to capture the event(s). The timestamp in the upper left corner shows this episode took place 50 minutes AFTER Defendant Nix had struck these same windows with a wooden flag pole, and 40 minutes after Nix had struck the same window with a metal ASP baton – according to the Government.

 This image is significant when comparing it to an image included in the Affidavit filed in support of the Criminal Complaint for Ms. Winegeart, "Photo 2" as shown below.



Photo 2

Image #7.

This image is from the same moment reflected in Image #6 above, as

both show the unknown individual standing to Ms. Winegeart's left capturing

images with his cellular telephone.  "Photo 2" is found on page 2 of the Affidavit, ECF No. 1-1 in this case file.  It clearly shows the damage to the East House Door Window Pane done by Defendant Nix – or maybe others -- during the 50 minute interval between when Nix struck the windows first with a flagpole and later with a metal ASP baton.



Image #8

This image is taken from the Architect of the Capitol's written documentation of the replacement cost of the window.  The location of the damage to the window is shown to be above the "sticker" placed upon the window, and consistent with the damage that can be seen prior to Ms. Winegeart taking any action.

The Government has advanced the claim that Defendant Nix damaged the window to such a degree that replacement was necessary.  It cannot now argue coherently that Ms. Winegeart also damaged the window in such a way

as to require it to be replaced.  In essence, the Government is alleging that Ms. Winegeart damaged an already damaged window.

This should be treated akin to the common law principle of collateral estoppel.   The Government is claiming that Ms. Winegeart's unlawful conduct required the window to be replaced at a cost of more than $1000 after it previously claimed that Mr. Nix's unlawful conduct -- 50 minutes earlier -- required the same window to be replaced at a cost of more than $1000.   They are not alleged to have acted in concert or as part of any jointly undertaken criminal activity.  Thus, Ms. Winegeart is not responsible for Nix's prior illegal acts and it is Nix who caused the Government to incur the cost of replacing the window.

CONCLUSION

Based on the foregoing, Defendant Dova Winegeart moves this Court to Dismiss Count One of the Indictment to the extent it charges her with a felony violation of 18 U.S.C. Sec. 1361, on the basis that that Government has conceded that no additional cost was incurred as a result of any alleged illegal conduct by her.

Dated: May 9, 2024                          Respectfully submitted,


_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com