UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>**v.** )<br>)<br>**DOVA WINEGEART.,** )<br>)<br>            **Defendant** )<br>) | Case No. 22-cr-00301-CJN |

# DEFENDANT DOVA WINEGEART'S MOTION TO ADMIT AN AFFIDAVIT OF FBI SPECIAL AGENT PURSUANT TO FED R. EVIDENCE 801(d)(2)

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

The Circuit Court of Appeals for the District of Columbia takes a broad view on the admissibility of statements by Government officials in criminal prosecutions. *United States v. Bagcho*, 151 F. Supp. 3d 60, 69 (2015). Such statements are admissible not as an exception to the rule against hearsay but rather as "not hearsay" as a statement by a party opponent under Fed. R. Evid. 801 (d)(2). That rule states:

> (d) "A statement that meets the following conditions is not hearsay:
> …
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and,
> …
> (B) is one the party has manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject; and
> (D) was made by the party's agent or employed on a matter written the scope of that relationship and whole it existed…

FBI Special Agent Jynika Williams filed an Affidavit she executed under penalty of perjury in order to secure a Criminal Complaint and Arrest Warrant for Gregory Nix, NIX, in the matter or United States v. Nix, 21-cr-678.

This Affidavit fits within the scope of Federal Rule of Evidence 801(d)(2) as a "statement of a party opponent" and should be admitted into evidence. Defendant Winegeart has filed a separate motion for the Court to take Judicial Notice of the Affidavit filed in Nix.

Admission of out-of-court statements by law enforcement agents

submitted in a sworn affidavit are admissible as statements by a party opponent against the United States in a federal criminal case. *United States v. Warren*, 92 F.3d 647, 655 (D.C. Cir. 1994).

The factual statements made by Special Agent Williams were made within the scope of her employment with the Department of Justice and are of the type that are recognized in criminal prosecutions under Rule 801(d)(2).

> "Clearly, statements in which the government has manifested its "adoption or belief" stand on more solid ground than mere out-of-court assertions by a government agent. We do not decide that just any statement the informant might have made is admissible against the government. We decide only that where, as here, the government has indicated in a sworn affidavit to a judicial officer that it believes particular statements are trustworthy, it may not sustain an objection to the subsequent introduction of those statements on grounds that they are hearsay."

*United States v. Morgan*, 581 F.2d. 933, 938 (D.C. Cir. 1978).

It cannot be said by the Government that is does not "manifest" an "adoption or belief" in the statements of FBI Special Agents that it submits to a federal judge for the purpose of obtaining a Criminal Complaint and Arrest Warrant.  The Government has no purpose beyond providing truthful factual information in an affidavit from an FBI Agent filed with the Court for purposes of a complaint and arrest. As the Circuit Court said in *Morgan*, the government cannot disclaim the accuracy of such testimony on the basis that it is hearsay after it has relied upon that testimony.

In *United States v. Kattar*, 840 F.2d 118, 130-31 (1st Cir. 1988) the First Circuit stated:

> "We agree with Justice (then Judge) Stevens that the assertions made by the government in a formal prosecution (and, by analogy, a formal civil defense) "establish the position of the United States

and not merely the views of its agents who participate therein." *United States v. Powers,* 467 F.2d 1089, 1097 n. 1 (7th Cir.1972) (Stevens, J., dissenting).

Whether the statement(s) at issue are in the form of factual claims or opinions is not a basis to exclude admission as statements of a party opponent. *Washington Power Supply Sys. v. Pittsburgh- Des Moines Corp.*, 876 F.2d. 690, 696-97 (9th Cir. 1989); *Owens v. Atchison*, T. & S. F. Ry. Co., 393 F.2d 77, 79 (5th Cir. 1968)("It is well settled that the "opinion" rule does not apply to a party's admission."). Thus, even if the dollar figure is an "estimate" or an "opinion", that is not a basis upon which to exclude the statement.

Dated: July 2, 2024                     Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com