# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No.: 22-cr-301 (CJN)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOVA WINEGEART,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDICIAL NOTICE AND MOTION FOR ADMISSION OF AFFIDAVIT

Defendant Dova Winegeart attacked the East Front Door of the United States House of Representatives, twice striking it with a metal-tipped, wooden pole with enough force that she broke the pole against it as she attempted to break through its glass pane. Now attempting to minimize her criminal conduct, she seeks to blame *a different* rioter who appeared to also attempt to attack the door before she did. To that end, she requests this Court to take judicial notice of that fact and admit into evidence an affidavit from an unrelated criminal complaint of another charged defendant. The Court should decline to do so in both instances because the evidence she seeks to admit lacks a proper foundation and, as presented, is factually irrelevant to the charges brought against Winegeart. The motions seeking admission of the evidence she offers are also untimely and otherwise without merit.

### I.      Procedural Background

This Court originally set a scheduling order in October of 2023 that required all pretrial motions to be filed on or before February 5, 2024. ECF No. 30. Current defense counsel appeared January 23, 2023, ECF No. 31, and the parties jointly moved this Court to extend the pretrial motion deadline by one week, asserting good cause based on that recent appearance, *see* ECF 35.

At a status conference on February 9, 2024, this Court vacated the previously entered scheduling order. While the parties were prepared for, and proposed, earlier deadlines, ECF 37, 38, ultimately, the deadline set by the Court for filing all pretrial motions was May 3, 2024.  ECF No. 40. The Government and the defendant entered three filings, all relating to motions *in limine*, on May 3, 2024.

Over two months later, on July 2, 2024, the defendant filed two motions.  One seeks judicial notice pursuant to Fed. R. Evid. 201 of: 1) "the facts of the criminal complaint against Defendant Nix" based on an FBI special agent's affidavit supporting a criminal complaint in a separate case, and 2) "the factual claim made by the United States" referencing the indictment in the *Nix* case which alleges that Defendant Nix caused and attempted to cause damage in an amount greater than $1,000, ECF 52 at 2, to the same door that Winegeart twice struck with a pole. The second motion invokes Fed. R. Evid. 801 as a basis for this Court to admit the same affidavit and does not mention the indictment.  ECF  53.  The affidavit in question concerned a rioter named Gregory Lamar Nix who was present at the East Front Door before Winegeart arrived at that location.  In her motion, Winegeart quotes portions of the affidavit stating, "A few minutes later, at approximately 2:30 PM ET, after the officers depart, NIX is seen on surveillance footage again appearing to attempt to smash the East House Doors' glass panes," and "Your affiant submits there is also probable cause to believe that GREGORY LAMAR NIX violated 18 U.S.C. § 1361, by willfully injuring or depredating of any property of the United States."  ECF 52 at 2.

II.   **The Defendant Has Not Established Grounds for the Court to Take Judicial Notice of An Affidavit**

The Defendant's Motion for the Court to Take Judicial Notice, ECF 52, should be denied for numerous reasons, starting with the provisions of Federal Rule of Evidence 201 which states the requirements for a Court to take judicial notice:

> **Rule 201**. Judicial Notice of Adjudicative Facts
> …
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>> (1) is generally known within the trial court's territorial jurisdiction; or
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) Taking Notice. The court:
>> (1) may take judicial notice on its own; or
>> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
> …

Relevant here, to require this Court to take judicial notice, the requesting party <u>must</u> "suppl[y the Court] with the necessary information" and, whether this Court exercises discretion to take judicial notice or does so at the request of a party, the noticed fact must "not be subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201.

### A. The Motion Seeks to Introduce Facts Beyond the Scope of Judicial Notice

The Defendant asks this Court to take judicial notice of the facts in the affidavit from the *Nix* case as well as the allegation in his indictment that Nix damaged the windows on the East Doors in an amount greater than $1,000." ECF 52 at 3.

This request is deficient for four reasons:

*First*, the motion is insufficiently specific because it fails to identify which "facts of the criminal complaint," this Court should judicially notice.

Where a request for judicial notice "fail[s] to delineate specific facts," that request is appropriately denied because the movant "has not met her burden to show that the facts are 'capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned.'" *Mokris v. United States*, No. 2:20-cv-34-JES-MRM, 2021 U.S. Dist. LEXIS 206182, at *8 (M.D. Fla. Oct. 7, 2021).  Under Rule 201(b), "[a] court must also consider—and identify—which fact or facts it is noticing." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  With respect to the 10-page affidavit she seeks to introduce, the Defendant does not tell this Court what facts she wants noticed.  At best, her motion generally identifies statements made by an affiant.  ECF 52 at 2.  But the fact that those statements were made is different from the "facts of the criminal complaint" (*i.e.*, the truth of those statements) and, further, the "facts of the criminal complaint" reaches more broadly than those two statements alone.  Where a "defendant does not identify which facts within the exhibits it asks the court to judicially notice nor does it explain *why* the court can judicially notice those facts," a court should deny that request for judicial notice.  *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (emphasis added).

*Second*, it is rarely proper for a Court to take judicial notice of documents filed in another case for the truth of the matters asserted in the other litigation.  *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70-71 (2d Cir. 1998).  "Courts may only take judicial notice of adjudicative facts that are 'not subject to reasonable dispute.'" *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).  That is, facts are

"subject to judicial notice, only if they are" "indisputable," because they are "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2).

While the D.C. Circuit "has for various purposes taken judicial notice of court records from other cases" it "[does] not, and could not, rely on it for the truth of the matter asserted. *Id.*" *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017) (citing 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed.)) ("[A] court cannot take judicial notice of the truth of a document simply because someone put it in the court's files.").[1] Indeed, as the D.C. Circuit explained in *Hurd*, judicial notice

---

[1] The Ninth Circuit agrees with the D.C. Circuit and is more explicit on <u>not</u> noticing affidavits even though they are in a court record:

> The Court may take judicial notice of its own records in other cases. Fed. R Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980) (citations omitted). However, a court may not take judicial notice of the facts contained within documents of such court records. "The concept of judicial notice requires that the matter which is the proper subject of judicial notice be a fact that is not reasonably subject to dispute. **Facts in the judicial record that are subject to dispute, such as allegations in affidavits and declarations . . . are not the proper subjects of judicial notice even though they are in a court record.**" *Townes v. Paule*, 407 F. Supp. 2d 1210, 1217 n.5 (S.D. Cal. 2005) (citation omitted). Thus, although a court may take judicial notice of court records, it may not take judicial notice of the truth of the contents of documents therein. *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.")

*Denegal v. Farrell*, No. 1:15-cv-01251-DAD-MJS (PC), 2017 U.S. Dist. LEXIS 83373, at *3-4 (E.D. Cal. May 30, 2017) (one citation omitted, emphasis added). Many other circuits have similarly adopted the rationale of *M/V American Queen* and *Hurd*. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); *Int'l Star Class Yacht Racing*, 146 F.3d at 70; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 (7th Cir. 1997) & n.6; *Orix Credit Alliance, Inc. v. Delta Res., Inc. (In re Delta Res., Inc.)*, 54 F.3d 722, 726 (11th Cir. 1995);

of documents from a court file offered for the truth of their content is not supported even where the opposing party does not dispute authenticity because "acquiescing to the authenticity of documents introduced in another case is a far cry from agreeing that those documents present a full and fair picture of a matter a party has a right to dispute in a later case." *Id*.  *See also Yee v. Garland*, Civil Action No. 21-1185 (ABJ), 2022 U.S. Dist. LEXIS 101662, at *5 n.2 (D.D.C. Apr. 21, 2022) (citing *Hurd* and taking judicial notice of pleadings on docket "only for the fact of what they said" and not "the truth of the matter asserted.").  Here, Defendant Winegeart seeks the notice of the *Nix* affidavit for the truth of the matter asserted, contrary to the holding in *Hurd*.  Further, the affidavit is not even a judicial finding of fact but simply an allegation.  "[I]t is well settled that allegations in pleadings are not evidence." *Gas Transmission Nw. LLC v. Cochrane Extraction P'ship*, No. 2:21-cv-01513-JAM-AC, 2023 U.S. Dist. LEXIS 132214, at *4 (E.D. Cal. July 28, 2023) (citation omitted).  And "allegations in complaints or declarations filed in other cases do not meet [the] standard of reliability" required by Fed. R. Evid. 201(b).  *Peterson v. Mickles*, No. 3:17-cv-01702-IM, 2020 U.S. Dist. LEXIS 6100, at *14-15 (D. Or. Jan. 14, 2020) (citing *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.5 (9th Cir. 2008)).

Indeed, even if there were judicial findings of facts in *Nix*, which, as discussed *infra*, the Defendant cannot show the affidavit allegations are, the contents of the affidavit are not subject to the provision of judicial notice under Rule 201.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *see*

---

*United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Holloway v. Lockhart*, 813 F.2d 874, 878-79 (8th Cir. 1987).

*also M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice. *See* 21 Charles Alan Wright & Kenneth A. Graham, Jr., Federal Practice & Procedure § 5106 (Supp. 2001) (stating "courts should distinguish between taking judicial notice of the truth of some extrajudicial fact recited in a court record and the use of those facts for some purpose that does not depend on the truth of the facts recited").

*Third*, the "facts of the criminal complaint" are not facts within the ambit of notice pursuant to Fed. R. Evid. 201 because they are subject to reasonable dispute.

Indeed, Nix himself disputed certain facts from the affidavit in his own case and Winegeart cites no example where Nix's disputes were decided by the court in *United States v. Nix*, 21-cr-678-BAH. *See Nix*, Minute Entry (November 21, 2021) ("Plea of Not Guilty entered by GREGORY LAMAR NIX to Counts 1, 2, 3, 4, 5, 6, 7 and 8.") In *Nix*, the Court accepted his plea of guilty to a single count (under 18 U.S.C. § 111(a) and (b)) not charged against Winegeart and dismissed all remaining counts against Nix, including Count Three, charging an offense under 18 U.S.C § 1361. *See Nix*, ECF 57 (Judgment) (dismissing Counts 1, 3, 4, 5, 6, 7 and 8.) Indisputability is a prerequisite for taking judicial notice of an adjudicative fact. *E.g.*, *Grayson v. Warden*, 869 F.3d 1204, 1225 (11th Cir. 2017); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (noting that instances where a factual finding from another court could satisfy Rule 201's indisputability requirement for judicial notice would be rare). Here, there is no judicial finding apparent from the public docket (and, again, no information supplied by the

Defendant identifying one) that Nix "appeared to attempt to smash" the glass panes, *see Nix*, ECF 1-1; there is at most an allegation asserted by an affiant in support of a criminal complaint. This fact is not the type Rule 201 covers.

Insofar as Winegeart seeks to have this Court take judicial notice that the affiant for the *Nix* complaint believed there was probable cause that Nix violated § 1361, the affiant's belief does not qualify for judicial notice. Probable cause is an even lower standard of proof than preponderance of the evidence. *See United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007) ("[P]robable cause is a lower standard than preponderance of the evidence . . . ."). A fact must be beyond reasonable dispute, Fed. R. Evid. 201(b), not simply a reasonable ground for belief of guilt, *i.e.*, probable cause. *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) (quotation omitted); *see also Recent Past Pres. Network v. Latschar*, 701 F. Supp. 2d 49, 55 (D.D.C. 2010) ("Rule 201 provides an avenue for the Court to take judicial notice of **reasonably indisputable adjudicative facts** at any time") (emphasis added).

*Fourth*, the Defendant's request for this Court to take notice of "the factual claim made by the United States that Defendant Nix did damage the windows on the East Doors in an amount greater than $1000.00," ECF 52 at 3 (emphasis added), has no more merit than his request for the Court to take notice of the allegations in the criminal complaint.[2]  "[T]he law is clear that an

---

[2] It is insufficient to simply assert that because the documents are of the sort generally appropriate for judicial notice, that a sufficient reason to take such notice has been established. Rather, the facts contained in the documents at issue, like those that the Defendant seeks to have noticed, need to be evaluated on their own terms. *See Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115-16 (S.D. Cal. 2018) (although affidavit, warrant, and return of service were "official documents . . . appropriate for judicial notice[,]" the court only "t[ook] note of their existence as public records, rather than of reasonably disputable facts they contain[ed]"). This is because "adjudicative facts appropriate for judicial notice are typically different from facts found in affidavits supporting

indictment is not evidence. It is impermissible for the trier of fact to consider it as evidence of any kind or to draw an inference of guilt from it." *Scott v. United States*, 412 A.2d 364, 371 (D.C. 1980) (citing Redbook (Criminal Jury Instructions for D.C.), § 2.06 (1978)); *accord Brown v. Dept. of Justice*, 715 F.2d 662, 667 (D.C. Cir. 1983) ("it is well settled that an indictment is not evidence of the acts charged therein") (finding agency acted properly when it suspended employees based on fact that they had been charged with criminal acts, but did not rely on employees' commission of the charged acts as basis for suspension). While this Court can take notice of the existence of the *Nix* indictment and its charges,[3] that is not the Defense's request and, accordingly, the Court may not take notice of the <u>facts</u> therein alleged for their truth.

For all of Defendant's requested "facts," as the Advisory Committee noted, "[w]ith respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy." The Defendant does not make any showing that these facts are beyond reasonable controversy. And, indeed, the facts relating to Nix's actions, as alleged, were <u>actually disputed</u> in the *Nix* matter. Accordingly, judicial notice is unwarranted.

## B. The "Facts" For Which Notice is Requested Are Irrelevant

Additionally, the facts the Defendant seeks to notice are irrelevant to this case. "[A] court may refuse to take judicial notice of facts that are irrelevant to the proceeding . . . ." *United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997) (citations omitted); *see also Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir. 1981) (per curiam) (affirming district court's refusal

---

litigation positions, which often present facts subject to dispute." *Henderson v. Oregon*, 203 F. App'x 45, 52 (9th Cir. 2006).

[3] "An indictment is always evidence that the persons named have been indicted by a grand jury on the charges recited." *Brown v. Dep't of Justice*, 715 F.2d at 667.

to judicially notice information in the Federal Register because the movant failed to establish its relevance); 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5104, p. 483-484 (1977 and 1996 supp.) (same point); *Kowalski v. Gagne*, 914 F.2d 299, 305-06 (1st Cir. 1990) (applying Rule 403 analysis to facts judicially noticed by the district court).

Here, the Defendant is charged with, among other counts, violation of 18 U.S.C. § 1361 as she "willfully injure[d] or commit[ed a] depredation against [the] property of the United States, . . . or attempt[ed] to commit any of the foregoing offenses." *Id.*  Simply put, it doesn't matter if Nix or any other rioter damaged the door before she violently attacked it.  Earlier attacks against the door do not make it impossible for Winegeart to have attempted to do so again later. And the affidavit itself does not establish that Nix damaged the door or mention, let alone specify, any amount of damage.  The United States has evidence that the actual cost to repair the door after January 6, 2021, was in excess of $1,000; and Defendant Winegeart attempted to cause damage in excess of $1,000.  Stated plainly, whether Defendant Nix also damaged or attempted to damage is irrelevant to the charges in this case.

### C.  The Request for Judicial Notice Fails to Supply the "Necessary Information"

Finally, under F.R.E. 201(c)(2), Defendant Winegeart was required to supply "necessary information" needed to "accurately and readily determine" the fact of which judicial notice is requested.  The Defendant failed to attach any exhibits to her motion.[4]  Accordingly, no information was presented, and this Court should deny Defendant's request as deficient.  *See*

---

[4] The Defendant indicated that "A copy of the criminal complaint against Defendant Nix is attached as an exhibit."  The Rule requires a party supply the information to avoid any question about what information (and from where) the Court is being asked to take notice of.

*Momentum Commer. Funding, Ltd. Liab. Co. v. Beasley*, No. 2:16-cv-02085-JAM-CKD, 2017 U.S. Dist. LEXIS 39777, at *3 (E.D. Cal. Mar. 20, 2017) ("The Court denies Beasley's request because he did not supply it with the necessary information."); *Priester v. Long Beach Mortg. Co.*, Civil Action No. 4:16-CV-449, 2018 U.S. Dist. LEXIS 158781, at *21-22 (E.D. Tex. Sep. 18, 2018) (declining to take judicial notice because, among other reasons, "Plaintiffs did not supply the Court with the 'necessary information', that is Plaintiffs did not provide the document for which they sought judicial notice."); *Howard v. Harris*, No. 4:22cv97-AW-MAF, 2023 U.S. Dist. LEXIS 70432, at *3-4 (N.D. Fla. Feb. 15, 2023) (declining to take judicial notice where the request was opposed and "Defendants did not supply the Court with the information it requests be noticed. Instead, Defendants provided a citation where the Court could go find the information" and characterizing that as a "deficiency".)

For all these reasons, the Request for Judicial Notice, ECF 52, should be denied.

### III.   <u>The Motion to Admit an Affidavit Is Unsupported</u>

#### A.   *Defendant's Motion Fails to Establish Relevance or to Identify the Specific Facts She Seeks to Admit*

The Defendant's motion to admit the Nix affidavit fails because it seeks admission of allegations irrelevant to Winegeart's case.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  The irrelevance of the affidavit is clear: nothing in the facts alleged in the affidavit make it more or less probable that Defendant Winegeart attempted to damage the door in her violent attack. Even if there was some prior damage to the door, the amount of damage Defendant Winegeart attempted to cause (as she was attempting to break through the door to get into the Capitol to "storm" it) is not made more or less probable by the statements in the affidavit.

11

Indeed, Defendant seems to contend that the Nix affidavit in some way addresses a "dollar figure" which may be an "estimate" or "opinion," ECF 53 at 3.  In fact, the affidavit in *Nix* does not reference any dollar figure.  And to the extent that the Defendant is trying to tie the affidavit's statements to the *Nix* indictment's felony Count 2 (charging 18 U.S.C. § 1361), that connection is not clear since the affiant makes no statements regarding the amount of damage or attempted damage caused by Defendant Nix.  Moreover, while the *Nix* affidavit uses unconditional language in its description of Defendant Nix's assault against police officers ("Nix is observed whacking Victim 1 with the white flagpole"), regarding the East Front Door, the affidavit's language is more limited, stating only that video footage showed how Defendant Nix "appear[ed] to attempt to smash" the door's glass pane. The description of Nix's attempt to smash the glass pane does not refute Defendant Winegeart's later attempt to do so.  Similarly, it does not limit the amount of damage for Defendant Winegeart's attempt, because the affidavit never addresses the extent or amount of Nix's attempted damage.  Because Defendant Winegeart's motion fails to establish the relevance of the *Nix* affidavit's existence or even of any fact the affidavit alleges, this Court should sustain an objection to its admission and exclude the affidavit from evidence.

And, as discussed above, *supra* II.A., the affiant's discussion of Nix's alleged attempt to smash the glass panes is not a "fact" that Defendant can rely on through judicial notice, and, as discussed *supra* II.B., it is not relevant in this case.  Irrespective of whether the affidavit is hearsay or not, the Defendant must demonstrate it meets all of the requirements of the Federal Rules of Evidence before admission is proper, such as relevance under Fed. R. Evid. 401.  There has been no sufficient showing that admission of the affidavit is appropriate, and it may be denied on that basis alone.

For all these reasons, the motion to admit the affidavit, ECF 53, should be denied.

## IV.    **The Motions Are Untimely and Lack Good Cause and Should Be Denied**

Finally, the Defendant's motions were filed out of time and thus should be dismissed.

First, the Court set a deadline for all "pretrial motions (including motions to dismiss the indictment, . . . ) on or before May 3, 2024." ECF No. 40. This order was entered almost a month before the motions deadline, and the revised deadline was almost three months after the original deadline of February 5, 2024, ECF No. 30, and two months after the original jointly proposed deadline of March 8, see ECF No. 37. These motions were filed late; accordingly, they are untimely, *see* Federal Rule of Criminal Procedure 12(c)(3), and may not be considered absent a showing of good cause.

The Defendant does not show, let alone attempt to show, "good cause." And doing so in a reply filing would be too late. *See United States v. Van Smith*, 530 F.3d 967, 973 (D.C. Cir. 2008) (quoting *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring) ("A reply brief is for replying, not for raising a new ground . . . .")). Notably, here, the defendant filed other motions on time showing that this was not a case of mistake or misapprehension. See ECF Nos. 42, 43. And the Government has previously identified the necessity of showing good cause for late motions in response to Defendant's <u>other</u> prior late motions.  *See* ECF 47 at 11 (discussing how Defendant's Motion to Dismiss was also untimely and lacked good cause).

Because the motions are untimely and no good cause exists to extend the deadline to file such motions, the Court should deny the motions, ECF 52, 53.

**V.**   <u>**Conclusion**</u>

For all these reasons, both motions, ECF 52 and ECF 53, should be denied.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    <u>/s/ Patrick Holvey</u>
PATRICK HOLVEY
DC Bar No. 1047142
Assistant United States Attorney

ASHLEY AKERS
MO Bar No. 69601
Trial Attorney

United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530

Phone: (202) 353-0521
Email: Ashley.Akers@usdoj.gov
Telephone: 202-252-7224
Email: Patrick.Holvey@usdoj.gov