# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

    *Plaintiff*,

v.

DOVA ALINA WINEGEART,

    *Defendant*.

Criminal Action No. 22-cr-301 (CJN)

## **BENCH INSTRUCTIONS**

## COUNT ONE: ATTEMPTED DESTRUCTION OF GOVERNMENT PROPERTY (18 U.S.C. § 1361)

Count One charges the defendant with attempted destruction of government property, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant injured, damaged, or destroyed property, or attempted to do so;

2. The defendant did so willfully; and

3. The property involved was property of the United States, or of any department or agency thereof (but the government does not need to prove that the defendant knew that the property belonged to the United States).

### Definitions

The term "department" means one of the departments of the executive branch or the legislative branch (such as Congress).

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

**Enhancement**

If the Court finds that the defendant committed the offense of attempted destruction of government property, it should go on to determine beyond a reasonable doubt whether the damage or attempted damage to the property in question exceeded the sum of $1,000.

## COUNT TWO: ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS (18 U.S.C. § 1752(a)(1))

Count Two charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

## Elements

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
2. The defendant did so knowingly.

## Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting. The phrase "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The government must prove that the defendant knew that he had entered or remained in what he knew to be a restricted building or grounds and that he knew that he did not have lawful authority to enter that area. It is insufficient for the government to prove that the defendant merely knew that the area he entered or remained in was restricted in the colloquial sense. The government must instead prove that (A) the

4

defendant knew that the area was posted, cordoned off, or otherwise restricted, and (B) the defendant knew that the Vice President or the Vice President's immediate family was or would be temporarily visiting the area.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, the Court may consider all of the evidence, including what the defendant did, said, or perceived.

## COUNT THREE: DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS (18 U.S.C. § 1752(a)(2))

Count Three charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

### Definitions

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance. Even passive, quiet, and nonviolent conduct can be "disorderly" if the conduct is likely to cause a public disturbance.

Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings. This includes conduct that causes disorder or turmoil, that stops or prevents the normal continuance of an activity, or that is plainly out of place for the time or setting where it occurs. Whether conduct is "disruptive" depends on the context and surrounding circumstances.

The terms "restricted building or grounds" and "knowingly" have the same meanings and relationship as in the instructions for Count Two.

# COUNT FOUR:  ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS (18 U.S.C. § 1752(a)(4))

Count Four charges the defendant with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and

2. The defendant did so knowingly.

### Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings and relationship as in the instructions for Count Two.

## COUNT FIVE: ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS (40 U.S.C. § 5104(e)(2)(F))

Count Five of the indictment charges the defendant with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant engaged in an act of physical violence within the Capitol Buildings or Grounds; and
2. The defendant acted willfully and knowingly.

### Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" includes the area depicted in Government's Exhibit 133.

The term "act of physical violence" has the same meaning described in the instructions for Count Four.

The term "willfully" has the same meaning as in the instructions for Count One.

The term "knowingly" has the same meaning as in the instructions for Count Two.

## **ATTEMPT**

In order to find the defendant guilty of an attempt to commit an offense, the government must prove each of the following beyond a reasonable doubt:

1. The defendant intended to commit the offense; and
2. The defendant took a substantial step toward committing the offense which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, the defendant may not be found guilty of attempt merely because the defendant thought about it.  The evidence must prove beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, the defendant may not be found guilty merely because the defendant made some plans to or some preparation for committing that crime.  Instead, the government must prove beyond a reasonable doubt the defendant took some firm, clear, undeniable action to accomplish his intent to commit the offense.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.  An attempt to commit the crime is a crime even if the defendant did not actually complete the crime.

DATE:  July 17, 2024

_____
CARL J. NICHOLS
United States District Judge