**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **No. 22-cr-301 (CJN)** |
| | : | |
| **DOVA WINEGEART,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DELAY**
**ENTRY OF JUDGMENT AND DELAY REPORT DATE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully opposes Defendant Dova Winegeart's oral motion to delay

entry of judgment or otherwise delay her report date.

Following a bench trial, this Court convicted Winegeart on Count One of the Indictment,

Destruction of Government Property, in violation of 18 U.S.C. § 1361.  Minute Entry, July 16,

2024.  On December 9, 2024, the Court sentenced Winegeart to, among other penalties, a term of

incarceration of four months and a fine of $1,000.   Following imposition of the sentence,

Winegeart orally moved to (1) delay entry of the forthcoming judgment until an unspecified date

after the 2025 presidential inauguration and (2) delay her reporting date to an unspecified date

after the 2025 presidential inauguration. The Court should deny both requests.

First, Federal Rule of Criminal Procedure 32 requires the Court to enter judgment. Fed. R.

Crim. P. 32(k) ("The judge must sign the judgment, and the clerk must enter it."). Although the

timing of such is not set forth in the rules, the defendant has offered no legal justification or good

cause for delay. In fact, the only basis that the defense provided in support of the request to delay

entry of judgment is that, if the Court were to enter judgment in this case, the defendant would

suffer some unspecified societal harm resulting from her criminal conviction. The defendant hopes

to avoid that harm by receiving a presidential pardon from a future executive. But the defendant's personal motivation to avoid public disclosure of her judgment of conviction is no reason to delay entry of judgment and deviate from the regular order of criminal procedure. And, even if the defendant were to receive a pardon at some unspecified date in the future—which is purely speculative at this juncture—that pardon would not unring the bell of conviction. In fact, quite the opposite. The defendant would first have to *accept* the pardon, which necessitates a confession of guilt. *See Burdick v. United States*, 236 U.S. 79, 94, (1915) ("[A pardon] carries an imputation of guilt; acceptance a confession of it."). And a pardon "does not erase a judgement of conviction, or its underlying legal and factual findings." *See United States v. Crowell*, 374 F.3d 790, 704 (9th Cir. 2004); *see also In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) (noting that "a pardon does not blot out guilt or expunge a judgment of conviction"); *United States v. Noonan*, 906 F.2d 952, 955 (3d Cir. 1990) ("The power to pardon is an executive prerogative of mercy, not of judicial recordkeeping.").

Therefore, a delayed entry of judgment would not achieve the defendant's desired effect. *See, e.g.*, *In re North*, 62 F.3d 1434, 1436-37 (D.C. Cir. 1994) (explaining pardons have no expunging effects); *United States v. Noonan*, 906 F.2d 952, 958-59 (3d Cir. 1990) (same); *Bjerkan v. United States*, 529 F.2d 125, 128 n.2 (7th Cir. 1975) (same); *see also* 67A C.J.S. Pardon & Parole § 33 ("[A pardon] does not revise the historical facts[, it] rather merely eliminates certain future punishments that might otherwise be imposed on the pardoned individual as a result of those facts [and . . .] removes all that is left of the consequences of conviction.").[1] The ministerial act of

---

[1] Importantly, the pardon "does not make amends for the past." *Knote v. United States*, 95 U.S. 149, 153 (1877). "It gives no compensation for what has been suffered." *In re North*, 62 F.3d at 1436; *see also id*. ("The offence being established by judicial proceedings, that which has been done or suffered while they were in force is presumed to have been rightfully done and justly suffered, and no satisfaction for it can be required.") (quoting *Knote*, 95 U.S. at 154).

entering judgment should not elevate form over function. Winegeart has now been tried, convicted, and sentenced; the entry of judgment is effectively complete. *See United States v. Evans*, 92 F.3d 540, 544 (7th Cir. 1996) ("The term 'sentencing' in legal as in ordinary language refers to the pronouncing of sentence by the judge in open court, rather than to the subsequent recording of the sentence on a docket sheet."); *see also Downs v. United States*, 879 F.3d 688, 690 (6th Cir. 2018). Thus, Court should enter judgment accordingly. *See also Strunk v. United States*, 412 U.S. 434, 439 n.2, 93 S. Ct. 2260, 2263 (1973) ("It can also be said that an accused released pending trial often has little or no interest in being tried quickly; but this, standing alone, does not alter the prosecutor's obligation to see to it that the case is brought on for trial. The desires or convenience of individuals cannot be controlling. The public interest in a broad sense, as well as the constitutional guarantee, commands prompt disposition of criminal charges.").

Second, the defense requests that the Court delay the defendant's reporting date to an unspecified date in the future. That request, too, is unsupported. The only basis for the defense's request—that she may receive a pardon at an unspecified date and thus prefers not to start her prison sentence—is speculative. The criminal justice system cannot operate on such uncertainty. Indeed, it is neither the court's role or function to speculate about any president's pardon decisions, nor is it appropriate for the Court to halt the normal functioning of criminal procedure based solely on that speculation. And it goes without saying that a defendant's preference not to serve a prison sentence cannot serve as a good basis to delay her reporting date. Indeed, the relief that Winegeart seeks by delaying the execution of the judgment and delaying her reporting date is, in effect, another form of clemency: a reprieve. *See* 67A C.J.S. Pardon & Parole § 3 ("A reprieve is the

3

postponement of the execution of a sentence.").[2]  And reprieves are, like pardons, reserved to the

Executive.  *See* U.S. Const. Art. 2, Sec. 2 (" . . . he shall have Power to grant Reprieves and Pardons

for Offences against the United States, except in Cases of Impeachment."); *see also United States*

*v. Jenkins*, 141 F. Supp. 499, 505 (S.D. Ga. 1956) ("The United States Constitution, Article 2,

Section 2, provides that only the President may compromise a criminal judgment by granting

reprieves and pardons for offenses against the United States. This subject is fully developed in 19

Opinions of the Attorney General, 344.").

To be clear, this Court may possess inherent authority to delay a defendant's prompt

reporting date based on *good cause* without intruding on the Executive's reprieve powers,[3] but

that is not the basis of the defendant's request nor has the defendant demonstrated any such good

cause here.  Far from it, she seeks this Court grant her, essentially, preemptive judicial grace *now*

through a stay of execution in the hopes of an act of Executive grace *later*. But that ungrounded

request demonstrates the impropriety of any such act. "The President's clemency power is not only

expansive, but also exclusive. Neither the legislative nor the judicial branches can exercise or alter

it."  *Rosemond v. Hudgins*, 92 F.4th 518, 525 (4th Cir. 2024).  If a future Executive cannot, today,

grant a pardon, this Court cannot expand the temporal grace that Executive may or may not extend

---

[2]  *Id*. (". . . . A reprieve is ordinarily an act of clemency and is extended to a prisoner in order to afford the prisoner an opportunity to procure some amelioration of the sentence which has been imposed. . . . Generally, the power to pardon includes the power to reprieve. By constitutional provisions, the power to reprieve is expressly vested in the executive, . . . Moreover, the vestiture of the power to grant reprieves in a state's chief executive is exclusive of all other departments of the state . . . . It is a power and a duty entrusted to the executive's judgment and discretion, which cannot be interfered with, and of which the executive cannot be relieved.").

[3]  *See United States v. Roskovski*, No. 2:19-cr-106 - 1, 2021 U.S. Dist. LEXIS 149198, at *2 (W.D. Pa. Aug. 9, 2021) ("Inherent in the authority to allow a defendant the opportunity to voluntarily surrender to the BOP to begin serving a sentence is the authority to delay the date on which a sentence may commence for good cause and within reasonable limits.")

in the future to the affect the present,[4] as the defendant seeks. *See also Kelvington v. Presidential Pardon & Parole Attorneys*, 211 F.2d 642, 644, (D.C. Cir. 1954) (recognizing that "[t]he pardoning power is one which the Constitution expressly vests in the President," other courts of appeals have concluded that it must "be free of judicial control"); *see also Hawkins v. United States*, 14 F.2d 596, 598 (7th Cir. 1926) ("In fixing judgment [a court] has no right to take into consideration these elements, and could not justify so doing any more than it could a stipulation in the judgment that no pardon or commutation shall ever be granted. These are matters for the legislative or executive department, and should have no place or influence in fixing sentence and judgment.") (emphasis added).

Nor is there anything unjust about the prospect of the defendant serving a portion of her lawful sentence only to later receive a pardon or other clemency. The defendant in this case was found guilty and the Court imposed a sentence that it determined was sufficient, but not greater than necessary, to comply with the purposes of the law. *See* 18 U.S.C. § 3553(a). The prompt execution of that lawful sentence is wholly proper and in keeping with our constitutional order's adherence to the rule of law.

In short, the defendant should not be spared from the normal course of criminal procedure based on her speculative hopes and desires that she may later benefit from a potential pardon. Because the defense has not cited good cause to delay the reporting date, the Court should enter Judgment without further delay and order the defendant to promptly report, consistent with other similarly situated defendants in this Court and directives from the U.S. Bureau of Prisons.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

---

[4] If anything, such an expansion would improperly tread on the powers of the current Executive.

D.C. Bar No. 481052

By:     */s/ Patrick Holvey*
        PATRICK HOLVEY
        DC Bar No. 1047142
        Assistant United States Attorney

        ASHLEY AKERS
        MO Bar No. 69601
        Trial Attorney

        United States Attorney's Office
        601 D Street, N.W.
        Washington, DC 20530

        Phone: (202) 353-0521
        Email: Ashley.Akers@usdoj.gov
        Phone: (202) 252-7224
        Email: Patrick.Holvey@usdoj.gov