**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cr-00301-CJN** |
| | ) | |
| **DOVA WINEGEART** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |


**DEFENDANT DOVA WINEGEART'S REPLY TO GOVERNMENT'S**
**OPPOSITION TO DELAY ENTRY OF JUDGMENT AND/OR REPORT DATE**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

COMES NOW Defendant Dova Winegeart, by and through her undersigned counsel of record William L. Shipley, and hereby respectfully files Reply to the Government's Opposition to Defendant Winegeart's Oral Motion to Delay Entry of Judgment and/or Delay Reporting to the Bureau of Prisons.

Defendant Winegeart made an oral motion following the pronouncement of the sentence in this case, asking the Court to stay the formal entry of the Judgment & Conviction until after the change in Presidential Administrations on January 20, 2025.

The parties and this Court are in uncharted territory. Never before has a criminal justice enforcement priority of one Presidential Administration been disavowed so clearly by the incoming Presidential Administration – including from the President-Elect himself – coupled with a pledge to take affirmative steps to "undo" the efforts and outcomes of cases prosecuted by the prior administration.

A federal conviction is not "final" until the Judgement and Conviction, signed by the District Judge, is filed in the docket of the case. That act starts the period for filing a timely Notice of Appeal, and limits the discretion of the Court with regard to the nature of errors that might thereafter be correct. Once a Notice of Appeal is filed, this Court loses jurisdiction over the case for all purposes other than a handful of issues authorized by the Federal Rules of Appellate Procedure.

The basis of the motion was as stated – that President Biden saw fit to issue a pardon to his son Hunter Biden following his convictions in the District of Delaware and Central District of California. He did so prior to sentencing,

which left open the procedural option of having the matter dismissed prior to the Judgement and Conviction being filed.

For purposes of this motion, Defendant Winegeart is not asserting factual innocence – the motion is directed to the equitable powers of this Court to control its own docket.

The difference between Ms. Winegeart and Hunter Biden is that Ms. Winegeart is not fortunate enough to have her father in office as President of the United States.  But just as Hunter Biden was provided the benefit of having his pardon cut off further proceedings in his criminal case that would have been prejudicial, Ms. Winegeart should get the same consideration – President-Elect Trump has stated and intention to issue pardons on "Day One" of his Administration, January 20, 2025.  Fairness dictates that this Court afford Ms. Winegeart the opportunity to realize the same benefit bestowed by the President on his son.

As the Government notes in its Opposition, Rule 32 is silent with respect to the time period withing which this Court must act in entering a Judgment following sentencing.  It is "black letter law" that District Judges possess vast discretion to control its docket.

Dated: December 19, 2024                    Respectfully submitted,

                                             /s/ William L. Shipley

William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com