UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 22-cr-00301-CJN |
| ) | |
| **DOVA WINEGEART** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANT DOVA WINEGEART'S REPLY TO GOVERNMENT'S OPPOSITION TO DELAY ENTRY OF JUDGMENT AND/OR REPORT DATE**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

COMES NOW Defendant Dova Winegeart, by and through her undersigned counsel of record William L. Shipley, and hereby respectfully files Reply to the Government's Opposition to Defendant Winegeart's Oral Motion to Delay Entry of Judgment.

Defendant Winegeart made an oral motion following the pronouncement of the sentence in this case, asking the Court to stay the formal entry of the Judgment & Conviction until after the change in Presidential Administrations on January 20, 2025.

The parties and this Court are in uncharted territory. Never before has a criminal justice enforcement priority of one Presidential Administration been disavowed so clearly by the incoming Presidential Administration – including from the President-Elect himself – coupled with a pledge to take affirmative steps to "undo" the efforts and outcomes of cases prosecuted by the prior administration.

A federal conviction is not "final" until the Judgement and Conviction, signed by the District Judge, is filed in the docket of the case. That act starts the period for filing a timely Notice of Appeal, and limits the discretion of the District Court with regard to the nature of errors that might thereafter be corrected. Once a Notice of Appeal is filed, this Court loses jurisdiction over the case for all purposes other than a handful of issues authorized by the Federal Rules of Appellate Procedure.

The basis of the motion was as stated – that President Biden saw fit to issue a pardon to his son Hunter Biden following his convictions in the District of Delaware and Central District of California. He did so prior to sentencing,

which left open the procedural option of having the matter dismissed prior to the Judgement and Conviction being entered in those cases.

For purposes of this motion, Defendant Winegeart is not asserting factual innocence – the motion is directed to the equitable powers of this Court to control its own docket.

> "A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In "the exercise of [its] judgment," the court must "`weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (citation omitted) (quoting *Landis*, 299 U.S. at 254-55; then citing id. at 259)."

*Maine Lobsterman's Association, Inc., v. Maine, Dist. Court*, 21-cv-2509 (JEB)(Memorandum Opinion)(Dist. Court, Dist. of Columbia, Oct. 30, 2023).

The difference between Ms. Winegeart and Hunter Biden is that Ms. Winegeart is not fortunate enough to have her father in office as President of the United States. But just as Hunter Biden was provided the benefit of having his Pardon cut off further proceedings in his criminal case that would have been prejudicial, Ms. Winegeart should get the same consideration. President-Elect Trump has stated and intention to issue pardons on "Day One" of his Administration, January 20, 2025. Fairness and the interests of justice dictate that this Court afford Ms. Winegeart the opportunity to realize the same benefit bestowed by President Biden on his son.

As the Government notes in its Opposition, Rule 32 is silent with respect to the time period within which this Court must act in entering Judgment

following sentencing. The timing of the entry of Judgment rests with the sound discretion of the District Judge.

Dated: December 19, 2024                Respectfully submitted,

                                        /s/ William L. Shipley
                                        William L. Shipley, Jr., Esq.
                                        PO BOX 745
                                        Kailua, Hawaii 96734
                                        Tel: (808) 228-1341
                                        Email: 808Shipleylaw@gmail.com